# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00164-CV

### LMV-AL Ventures, LLC, Appellant

### v.

### Carol Hemphill, Appellee

### FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-18-008784, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## C O N C U R R I N G   O P I N I O N

I agree with the majority's disposition of LMV-AL Ventures, LLC's claims under the Texas Citizens Participation Act, but I disagree with its conclusion that Hemphill's review of her brother's assisted-living facility is not defamatory per se. I therefore concur in the majority's judgment, but write separately to note the nature of my concern.

"[A] statement that 'ascribes to another conduct, characteristics or a condition that would adversely affect his fitness for the proper conduct of his lawful business, trade, or profession'" is defamatory per se. *Hancock v. Variyam*, 400 S.W.3d 59, 66 (Tex. 2013) (quoting *Restatement (Second) of Torts* § 573 (1977)).[1] The statement at issue here, as the majority

---

[1] I note that there is debate and confusion surrounding the use of per se and per quod categories with respect to defamation. *See Waste Mgmt. of Tex., Inc. v. Texas Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 146 (Tex. 2014) (recognizing debate and confusion issues raised by amici curiae and legal commentators).

acknowledges, accuses the assisted-living facility of failing to provide Hurley with needed care—specifically, not following a doctor-ordered diet and not reminding Hurley to bathe and change clothes—resulting in his poor condition. But the majority then concludes that alleging that an assisted-living facility failed to care for Hurley "does not necessarily call into question LMV-AL's fitness as a provider of assisted-living services" because the contract providing for Hurley's care did not obligate LMV-AL to provide the specific services complained about. I do not dispute the terms of the contract, but I disagree that Hemphill's criticism is not defamatory per se under the circumstances of this case.

Stated generally, an essential aspect of an assisted-living facility's business is to furnish food and shelter and to provide "help with everyday tasks such as bathing, dressing, and taking medication." *American Heritage Dictionary of the English Language* 108 (5th ed. 2011) (defining "assisted living"); *see* Tex. Health & Safety Code § 247.002(1)(B), (5) (defining "assisted living facility" with reference to providing "assistance with feeding, dressing, moving, bathing, or other personal needs or maintenance"). Thus, a statement that accuses an assisted-living facility of failing to properly provide these services to a resident, regardless of the terms of its contract with that resident, is uniquely injurious to an assisted-living facility. *See Hancock*, 400 S.W.3d at 66–67 (explaining how statements can adversely affect business or profession and holding that statement that doctor "lacks veracity and deals in half truths" did not injure doctor in his profession because trait of honesty is not peculiar or unique to being a physician). Accordingly, because Hemphill's statement ascribes to LMV-AL conduct that tends to adversely affect LMV-AL's business, I cannot agree with the majority's conclusion that the statement is not defamatory per se. *See Bell Publ'g Co. v. Garrett Eng'g Co.*, 170 S.W.2d 197, 203 (Tex. 1943) (holding as libelous per se statement that engineering firm hired by city to build power

2

plant did not have experience in building a power plant and did not employ an engineer because such a statement "imputed to it a lack of technical skill and practical experience on its part to perform its contract or to carry on its business").

I would nevertheless affirm the trial court's dismissal of LMV-AL's defamation claim against Hemphill because LMV-AL did not meet its TCPA burden of "establish[ing] by clear and specific evidence a prima facie case" that the statement at issue here is false. *See* Tex. Civ. Prac. & Rem. Code § 27.005(c); *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015) ("Defamation's elements include (1) the publication of a false statement of fact to a third party . . . ."). As noted above and in the majority opinion, the gist of Hemphill's statement is that the Harbor failed to provide Hurley with the care that he needed. LMV-AL does not dispute Hemphill's factual allegations regarding Hurley's care; instead, it relies on the contention that its contract did not obligate it to provide Hurley with reminders or help with bathing and dressing, or to provide him with a specific diet. But Hemphill's statement did not allege that LMV-AL breached its contract; rather, it expressed her general dissatisfaction with her brother's care. As such, LMV-AL has not "establish[ed] by clear and specific evidence a prima facie case" that Hemphill's statement is false and, accordingly, I join in the Court's judgment.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Kelly and Smith

Concurring Opinion

Filed: March 6, 2020